UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

EURO TRUST TRADING S.A.,

                Plaintiff,

        -against-

URALSIB INSURANCE GROUP,

                Defendant.

------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12_/_23_/_09_

09
~~08~~ Civ. 4712 (RJH)

**MEMORANDUM OPINION
AND ORDER**

     This Court ordered plaintiff to show cause why the attachment in this action

should not be vacated and the action dismissed without prejudice pursuant to *Shipping

Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, Nos. 08-3477, 08-3758, 2009 WL

3319675, at *10–*11 (2d Cir. Oct. 16, 2009). In response, plaintiff argues against

vacatur and dismissal on the following grounds: (1) *Jaldhi* was incorrectly decided and is

not controlling precedent because it is inconsistent with an earlier decision by an

intermediate New York appellate court finding that electronic fund transfers ("EFTs")

could be subject to attachment under New York law; (2) the funds already attached were

no longer EFTs at the time *Jaldhi* was decided and thus are not subject to *Jaldhi*; and (3)

the Court should exercise its equitable discretion to maintain the status quo here, even if

*Jaldhi* applies retroactively. All three contentions lack merit.

     First, plaintiff argues that *Jaldhi* was incorrectly decided because it failed to

consider *Palestine Monetary Authority v. Strachman*, 873 N.Y.S.2d 281 (1st Dep't 2007),

which construed New York law to permit attachments of EFTs in certain circumstances.

Plaintiff asserts that the Court must disregard *Jaldhi* in favor of the First Department's opinion. (Br. at 1 ("Federal district courts presented with an issue of state law are to follow state appellate court decisions over pronouncements of state law made by its federal appellate court.")).  This is incorrect as a matter of law.  Even on issues of state law, the Court is bound by Second Circuit precedent. *See, e.g., Cowen & Co. v. Tecnoconsult Holdings Ltd.*, 1996 WL 391884, at *4 (S.D.N.Y. July 11, 1996) ("Although [a district court] may look to lower court decisions for guidance on questions of state law, [it] is bound . . . by decisions by the New York Court of Appeals and the Court of Appeals for the Second Circuit.").

Second, plaintiff argues that, although the funds at issue here originally entered this district as EFTs, they did not remain EFTs. This is so, plaintiff claims, because standard banking practice is to deposit restrained funds into a segregated account in the district. But as a number of decisions in this district have articulated, that argument, clever as it may be, does not address plaintiff's central difficulty: the defendant never possessed attachable property in this district. *See Hansa Sonderburg Shipping Corp. v. Hull & Hatch Logistics LLC*, No. 09-7164, slip op. at 1 (S.D.N.Y. Nov. 16, 2009) ("Because the initial attachment was improper, the deposit of the funds into a segregated account, absent consent of the defendant, did not cure the problem addressed in [*Jaldhi*].").

Third, the plaintiff argues that, even if *Jaldhi* does apply retroactively—and the Second Circuit has plainly held that it does, *see Hawknet, Ltd. v. Overseas Shipping Agencies*, 2009 U.S. App. LEXIS 24970 (2d Cir. Nov. 13, 2009)—this case presents equitable considerations that justify departure from that rule. Even if the Court were able

to depart from *Hawknet* in exceptional circumstances, it is not convinced that this is such a case. The plaintiff does not explain what equitable considerations exist here that did not exist in *Hawknet*. Nor would a decision to apply *Jaldhi* only prospectively eliminate inequities. Such a decision would be unfair to defendants like this one, whose property continues to be restrained even after the basis for restraining that property has been extinguished.

The Court ordered the plaintiff to show cause why vacatur was unwarranted and why this action should not be dismissed for lack of jurisdiction. Plaintiff has been unable to do so. Accordingly, the Court hereby vacates the maritime attachment, orders the attached funds to be released immediately, and dismisses this action without prejudice. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
       December ⅃ᔕ , 2009

Richard J. Holwell
United States District Judge

3